UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MICHELLE BARTON, ET AL.**                                         **CIVIL ACTION**

**VERSUS**                                                                            **NO. 20-502-BAJ-RLB**

**DRESSER, LLC, ET AL.**

## ORDER

Before the Court is Plaintiffs' Motion to Compel Depositions. (R. Doc. 16). The deadline for opposing this motion has been stayed. (R. Doc. 19).

Also before the Court is Defendants Dresser, LLC ("Dresser") and Baker Hughes Holdings LLC's (collectively, "Dresser") Expedited Motion to Extend Deadline to Respond to Plaintiffs' Motion to Compel ("Motion to Extend Deadline"). (R. Doc. 18). The deadline for opposing Dresser's Motion to Extend Deadline has expired without the filing of an opposition. LR 7(f). Accordingly, the Motion to Extend Deadline is unopposed.

On or about June 11, 2020, Michelle Barton and William Barton, Jr. (collectively, "Plaintiffs") brought this purported class action in state court naming as defendant the Louisiana Department of Environmental Quality ("LDEQ"). (R. Doc. 1-2). Plaintiffs seek damages on behalf of themselves and a proposed class of similarly situated owners, renters and residents whose property was allegedly contaminated by a toxic release of chlorinated compounds, including Trichloroethylene ("TCE"), as a result of the operation of Dresser's industrial valve manufacturing facility in Pineville, Louisiana. Plaintiffs amended the action to bring claims against Dresser for negligence, negligence per se, trespass, strict liability, and violations of the Louisiana Groundwater Act. (R. Doc. 1-3). Dresser removed the action on August 5, 2020. (R. Doc. 1).

On April 15, 2021, Plaintiffs filed their Motion to Compel Depositions, which seeks an order requiring Dresser to produce certain fact witnesses for depositions relevant to class certification. (R. Doc. 16).

On April 16, 2021, Dresser filed a Motion to Transfer Action to the Alexandria Division of the U.S. District Court for the Western District of Louisiana ("Motion to Transfer"). (R. Doc. 17). The motion seeks transfer under 28 U.S.C. § 1404(a), which provides for the transfer of civil actions to an otherwise proper forum that is more convenient for the parties and witnesses and in the interests of justice. Among other things, Dresser indicates that this lawsuit "is one of 14 federal lawsuits concerning the presence of chlorinated solvents, including [TCE], in groundwater and other environmental media in Pineville, Louisiana," and that 12 of the actions are proceeding in the Alexandria Division of the U.S. District Court for the Western District of Louisiana—the division and district where the alleged contamination exists. (R. Doc. 17-1 at 6) (citing pending actions).[1]

On April 29, 2021, Dresser filed the instant Motion to Extend Deadline (R. Doc. 18), which seeks an extension of Dresser's deadline to respond to Plaintiffs' Motion to Compel Depositions (R. Doc. 16) until 14 days after the district judge rules on Dresser's pending Motion to Transfer (R. Doc. 17). In essence, Dresser requests that the resolution of the Motion to Compel (as well as the taking of any depositions) not occur unless the Court denies the Motion to Transfer. Among other things, Dresser notes that the magistrate judge presiding over the 12 related cases pending in the Alexandria Division of the U.S. District Court for the Western District of Louisiana issued a case management order on April 8, 2021, providing deadlines and

---

[1] The remaining two actions are pending in this district. Dresser has also filed a motion to transfer in the other pending action in this district. *See Aertker v. Dresser LLC et al*, No. 21-cv-55-BAJ-SDJ, ECF. No. 3 (M.D. La. Apr. 16, 2021). A scheduling order has not been issued in that action in light of the pending motion to transfer. *See id.*, ECF No. 35.

instructions regarding pre-certification discovery, including limitations on the taking of depositions. (*See* R. Doc. 17-4). Several of those related cases, and the applicable case management order, involve the same law firm representing the class representatives in the instant matter.

On May 3, 2021, the Court found good cause to stay Dresser's deadline to oppose Plaintiffs' Motion to Compel Depositions (R. Doc. 16) until resolution of Dresser's Motion to Extend Deadline (R. Doc. 18). (R. Doc. 20). As stated above, the motion is unopposed as Plaintiffs did not file a timely opposition. *See* LR 7(f).

The Court has reviewed Dresser's Motion to Transfer (R. Doc. 17) and associated briefing (R. Docs. 20, 21, 22). Given the issues raised by the Motion to Transfer and considering the various discovery related postures in all of the referenced cases, the Court will deny Plaintiff's Motion to Compel Depositions without prejudice to refile after the district judge issues a ruling on the Motion to Transfer. This will provide the parties an additional opportunity to meet-and-confer regarding the depositions should the Motion to Transfer be denied. The parties may continue with any other "unobjected to" discovery that does not otherwise conflict with the limitations set in the Western District of Louisiana Case Management Order referenced above. A revised scheduling order may be issued in this matter should the Motion to Transfer be denied.

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion to Compel Depositions (R. Doc. 16) is **DENIED WITHOUT PREJUDICE** to refile after the district judge issues a ruling on Dresser's Motion to Transfer (R. Doc. 17).

**IT IS FURTHER ORDERED** that Dresser's Expedited Motion to Extend Deadline to Respond to Plaintiffs' Motion to Compel (R. Doc. 18) is **DENIED AS MOOT.**

Signed in Baton Rouge, Louisiana, on May 24, 2021.

                                                **RICHARD L. BOURGEOIS, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**